**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EMANE JANISE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-725-JWD-RLB** |
| **UNITED STATES OF AMERICA, d/b/a/ UNITED STATES POSTAL SERVICE** | |

**RULING AND ORDER**

This matter comes before the Court on *Defendant's Second Rule 12(b)(1) Motion to Dismiss Claims of Edgar Janise and Chernella Janise* (Doc. 29) filed by the United States ("Defendant" or "United States"). Plaintiffs Emane Janise ("Emane"), Edgar Janise ("Edgar"), and Chernella Janise ("Chernella") (collectively "Plaintiffs") oppose the motion. (Doc. 32.) Defendant has filed a reply. (Doc. 35.) Oral argument is not necessary.

The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is granted, and Plaintiffs Edgar and Chernella's claims against Defendant are dismissed without prejudice for lack of subject matter jurisdiction.

### I. Relevant Factual and Procedural Background[1]

This Federal Tort Claims Act ("FTCA") lawsuit arises out of a January 17, 2015 motor vehicle accident that occurred in Baton Rouge, Louisiana, involving a vehicle being driven by Plaintiff Emane Janise and a vehicle owned by United States Postal Service ("USPS"). (Doc. 26

---

[1] The facts are identical to the Court's prior *Ruling and Order* (Doc. 25) on *Defendant's Motion to Dismiss Claims of Edgar and Chernella Janise* (Doc. 15), except as highlighted here.

at 2.) The vehicle Plaintiff Emane was driving at the time of the accident was owned by her parents, Edgar and Chernella Janise. (*Id.*)

On January 13, 2017, Plaintiff Emane submitted an administrative claim on Form SF-95 identifying herself as the claimant and her parents, Edgar and Chernella Janise, as the owners of the vehicle damaged in the accident. (*Id.* at 3.) Plaintiffs filed this suit on July 31, 2018 after receiving a final denial of that claim. (Doc. 1.) In response, Defendant filed a Rule 12(b)(1) motion to dismiss the claims of Edgar and Chernella Janise for their failure to exhaust administrative remedies under the FTCA. (Doc. 15.) On June 3, 2019, the Court issued a Ruling and Order in which it granted Defendant's motion and gave Plaintiffs an opportunity to amend their Complaint to cure the jurisdictional deficiency. (Doc. 25.)

Subsequently, on June 28, 2019, Edgar and Chernella Janise submitted individual SF-95 administrative claims forms to the USPS for their claim as the owners of the vehicle. (Doc. 26 at 4.) Plaintiffs allege, "[t]he claims forms of Edgar and Chernella Janise relate back to the original claim form by their daughter Emane Janise in that Emane Janise identified her parents as the owners of the vehicle in her original claim." (*Id.*) The original claim form submitted January 13, 2017 has received a final determination and this action was filed within six months of that determination. (*Id.*) The United States now moves to dismiss Edgar and Chernella's claims for lack of subject matter jurisdiction.

## II. Discussion

### A. Parties Arguments

The United States files the instant motion seeking to dismiss the claims of Edgar and Chernella Janise due to their failure to exhaust administrative remedies under the FTCA prior to initiating this suit. (Doc. 29-1.) Specifically, Defendant contends that while both Edgar and

Chernella Janise claim to have submitted their own individual administrative claim forms to the USPS on June 28, 2019, neither of them has alleged that prior to commencing this suit on July 31, 2018, they had obtained a written denial of their individual claims or that six months had elapsed since the filing of those claims, so the court lacks jurisdiction. Defendant also argues that Plaintiffs have no legal support for their relation back theory.

In response, Plaintiffs assert that because Edgar and Chernella have submitted their own independent SF-95 forms, they have properly met the jurisdictional prerequisites to filing suit. (Doc. 32.) In addition, Plaintiffs rely on an administrative determination they were issued which they argue establishes that jurisdiction is now proper in this Court. (*See* Doc. 32-1 at 1-2.)

In reply, Defendant makes two points. (Doc. 35.) First, Defendant again asserts that this lawsuit was brought prematurely. Defendant argues that Edgar and Chernella cannot remedy the jurisdictional defect by bringing their administrative claims to the USPS approximately 11 months after filing suit or by the USPS' Final Agency decision issued thereafter. Second, Defendant argues that Plaintiffs' relation back allegation lacks legal support, and, even if it had some, the law requires complete exhaustion of administrative claims prior to bringing an action.

### B. Applicable Law

While this Court has previously laid out the requirements for properly exhausting an administrative remedy in its' *Ruling and Order* (Doc. 25) on *Defendant's Motion to Dismiss Claims of Edgar and Chernella Janise* (Doc. 15), it wishes to emphasize a few salient points.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). It is well-settled that the failure to exhaust administrative remedies prior to initiating suit deprives the Court of subject matter jurisdiction, and that this requirement cannot be waived. *Price v. United*

*States*, 69 F.3d 46, 54 (5th Cir. 1995) ("subject matter jurisdiction of the court is conditioned upon compliance with 28 U.S.C. §2675(a)"); *Houston v. United States Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987) (the limitation periods are jurisdictional); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (filing suit within six months of administrative denial is a jurisdictional requirement); *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir. 1975) (as a waiver of sovereign immunity, the six month filing requirement must be strictly followed).

The exhaustion provision of the FTCA provides, in pertinent part, that "A plaintiff may bring a claim under the FTCA only when: (1) the agency has denied the claim in a writing sent to the claimant by certified or registered mail, or (2) the claim is deemed denied by the passage of six months from its filing date without disposition." *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) (citing 28 U.S.C. §2675(a)); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This section of the FTCA "require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *See McNeil v. United States*, 508 U.S. 106, 112 (1993).

Moreover, failure to completely exhaust administrative remedies prior to commencing a civil action under the FTCA is a jurisdictional defect that cannot be cured through exhaustion after suit is filed. *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013) (per curiam) ("Hinojosa filed his complaint just one week after filing his administrative claim, before his administrative claim was denied, or six months had passed. Though his administrative claim has since been denied, that has no bearing on the jurisdictional issue."); *see also Pearson v. United States*, No. SA-12-CA-1028-XR, 2013 WL 3450147, at *4 (S.D. Tex. July 8, 2013) (discussing *Reynolds v. United States,* 748 F.2d 291 (5th Cir. 1984): "Reynolds filed an administrative claim with the [VA] on April 22, 1982, and she filed an FTCA suit against the VA

on August 10, 1982. The VA sent Reynolds a notice of denial of her claim on October 22, 1982. The Fifth Circuit held that, not only did the district court properly dismiss the Plaintiff's suit for lack of subject matter jurisdiction, but also that the district court properly dismissed the amended complaint [filed June 13, 1983]." (internal citations omitted)).

The Fifth Circuit requires refiling to cure the subject matter jurisdiction problem. *See McNeil v. United States*, 964 F.2d 647, 648 (5th Cir. 1992); *United States v. Burzynski*, 819 F.2d 1301, 1306–07 (5th Cir. 1987); *Reynolds v. United States*, 748 F.2d 291, 292–93 (5th Cir. 1984).

### C. Analysis

The Court finds that Defendant should prevail in the instant motion. Because Edgar and Chernella failed to completely exhaust administrative remedies prior to initiating this suit, they have failed to comply with the jurisdictional requirements of §2675(a) and as such, the Court lacks subject matter jurisdiction over their FTCA claims.

This action was filed on July 31, 2018. Plaintiffs Edgar and Chernella submitted their administrative claims to the USPS on June 28, 2019, approximately 11 months after this suit was initiated. Plaintiffs have not met the jurisdictional prerequisite of exhausting their administrative remedies because they brought this action before filing an administrative claim and without allowing time for a written denial or six months to pass as required by the FTCA. Though their administrative claims have since been denied, that has no bearing on the jurisdictional issue because §2675(a) "requires that jurisdiction must exist at the time the complaint is filed." *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984). Moreover, as previously noted, "[a]n action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54.

Additionally, Plaintiffs have the burden of proving compliance with the statutory prerequisites to waive sovereign immunity on their claims. *See, e.g., Goff v. United States*, 659 F.2d 560, 561–62 (5th Cir. 1981) (well established that time limitations enacted by Congress in statutes waiving government immunity to be strictly construed in favor of government); *Price*, 69 F.3d at 54 (§2675(a) is a clear statutory command and no waiver of sovereign immunity when suit is filed without complying with its terms). Yet, Plaintiffs have failed to provide any legal support for their argument that Edgar and Chernella's administrative claims filed on June 28, 2019 relate back to the filing of Emane's claim on January 13, 2017. For all these reasons, Edgar and Chernella's FTCA claims are dismissed for lack of subject matter jurisdiction.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that *Defendant's Second Rule 12(b)(1) Motion to Dismiss Claims of Edgar Janise and Chernella Janise* (Doc. 29) is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiffs Edgar and Chernella Janise's claims against Defendant are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 17, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**